| United States of America, | 18-cr-32 (ARR) |
|---|---|
| — against — | **Opinion & Order** |
| Michael Crumble, Ramell Markus, and Tyrone Burch | **Not for electronic or print publication** |

ROSS, United States District Judge:

By motions filed on April 10, defendants Michael Crumble and Ramell Markus seek to suppress identification testimony or, in the alternative, a pre-trial *Wade* hearing. Mot. for discovery suppression and exclusion of evidence and other relief, ECF No. 40 ("Markus mot."); Mot. to suppress identification evidence, ECF No. 41 ("Crumble Mot."). The government responds that Crumble should be denied a *Wade* hearing because the photo array shown to the complainant was not unduly suggestive, and the defense produces no evidence that this identification procedure was suggestive. Letter of Keith Edelman 7–8, ECF No. 42 ("Gov't Opp."). It argues that Markus should be denied a *Wade* hearing because it is not planning to introduce evidence of the single photo identification procedure and, even if this out-of-court identification was unduly suggestive, the complainant has an independent basis for reliably identifying Markus at trial. *Id.* at 6–7. Specifically, the complainant (a) has known Markus for eight years, and (b) had a chance to observe Markus for multiple hours during this incident. *Id.*

Crumble's application for a *Wade* hearing is granted because, as he argues, I "must consider the instructions given to the witnesses viewing the procedure, comments made by the officers conducting the procedures and the manner in which the photographs were presented." Crumble Mot. at 2. While Crumble does not claim that the photo array is unduly suggestive on its face, such factors could make the out-of-court identification unduly suggestive. *See United*

*States v. Thai*, 29 F.3d 785, 810 (2d Cir. 1994) ("An otherwise fair pretrial identification procedure may be rendered impermissibly suggestive through subsequent actions or remarks by government agents.") Certainly, I have the discretion to deny the defendant a *Wade* hearing because he does not allege any improprieties in how government agents conducted the procedure, *see, e.g., United States v. Salomon-Mendez*, 992 F. Supp. 2d 340, 342–44 (S.D.N.Y. 2014), but the defendant is not in a position to know about any improprieties. I therefore believe that the better course is to grant the request for a *Wade* hearing and develop a factual record to make a determination as to suggestiveness. *See United States v. Archibald*, 734 F.2d 938, 940–941 (2d Cir. 1984) (noting that, although it did not violate due process for the district court not to hold a *Wade* hearing, "[w]e think it would have been preferable . . . had the district court conducted a pretrial hearing on this issue.").

On the other hand, Markus's application for a *Wade* hearing is denied because the government's response makes clear that the complainant has an independent basis to reliably identify Markus at trial. *See Salomon-Mendez*, 992 F. Supp. 2d at 344; *United States v. Fofanah*, 11 Cr. 721, 2012 WL 2674220, at *2–3 (S.D.N.Y. July 5, 2012).

Absent extenuating circumstances, single-photo identification procedures are unnecessarily suggestive. *Wiggins v. Greiner*, 132 F. App'x 861, 865 (2d Cir. 2005) (summary order); *see also United States v. Concepion*, 983 F.2d 369, 377 (2d Cir. 1992); *United States v. Reed*, No. 11 Cr. 487, 2012 WL 2053758, at *5 (S.D.N.Y. June 6, 2012). Nonetheless, "reliability is the linchpin in determining the admissibility of identification testimony." *Manson v. Brathwaite*, 432 U.S. 98, 113 (1977). Single-photograph identifications can therefore be admissible if the witness is sufficiently familiar with the defendant so that there is no danger of improper suggestiveness. *See United States v. Stanley*, No. 09-cr-0141, 2009 WL 5066864, at *5 (E.D.N.Y. Dec. 22, 2009).

Moreover, even if a pre-trial identification procedure is unduly suggestive, an in-court identification is still allowed as long as it is "independently reliable rather than the product of the earlier suggestive procedures." *United States v. Maldonado-Rivera*, 922 F.2d 934, 973 (2d Cir. 1990). An in-court identification is therefore admissible, despite an improper pre-trial identification procedure, if the witness is familiar with the defendant prior to the incident. *See, e.g.*, *Stanley*, 2009 WL 5066864, at *5 (witness "was a co-conspirator and had spent one to two days with the defendant"); *Johnson v. Walker*, No. CV-01-6862, 2003 WL 22002420, at *9 (E.D.N.Y. Aug. 25, 2003) "[T]he fact that petitioner was known to the eyewitness and was not a stranger is itself compelling evidence of an independent source for the identification." *Espinal v. Duncan*, No. 00 CIV. 4844, 2000 WL 1774960, at *3 (S.D.N.Y. Dec. 4, 2000) (finding "that the in-court identification was reliable notwithstanding the prior photographic display" because "Santiago already knew Espinal 'by first name as well as street name, ... knew where [Espinal] lived and the car he drove, and [ ] had seen him at least 20 times in the prior year.'" (alterations in original)). An in-court identification is also admissible, notwithstanding an improperly suggestive pre-trial identification, if a witness gets a good look at the defendant during the course of a crime. *See United States v. Salameh*, 152 F.3d 88, 126–27 (2d Cir. 1998) (holding that in-court identification was "independently reliable" because the witness had pumped gas for the defendants); *see also United States v. Lumpkin*, 192 F.3d 280, 288 (2d Cir. 1999) (holding that police officers had an independently reliable basis for an-court identification when they observed the defendant on two occasions in daylight, for at least thirty seconds, and from a distance of ten to twenty feet).

Here, even assuming that the single photograph of Markus shown to the complainant was unduly suggestive, the complainant still has two grounds to make an independently reliable in-court identification of Markus. First, the complainant was already familiar with Markus. Gov't

3

Opp. at 6. Indeed, when he gave statements to the FBI, the complainant not only stated that he had known Markus for eight years and that he had conducted previous narcotics transactions with Markus, he also knew Markus's first name, Markus's phone number, that Markus had been arrested approximately a year earlier for possession of marijuana, where Markus lived in Connecticut, and where his mother lived in Brooklyn. *See id.* Ex. A at 1; *id.* Ex. B at 1. Second, the complainant had ample opportunity to observe Markus during the course of this incident. Gov't Opp. at 7. This incident purportedly began when Markus texted him that Markus was "here," and the complainant came out of his house to see Markus parked outside. *Id.* Ex. A at 1. Markus's co-defendants then forced the complainant into the back seat of Markus's car, marking the commencement of the kidnapping and extortion that continued for over seven hours across multiple locations. *Id.* at 1–2. During the course of this conduct, the complainant repeatedly had the chance to observe Markus as Markus hit him and demanded money and drugs. *See id.* at 2.

Given that both of these factors are sufficient to show independent reliability, granting Markus a pre-trial *Wade* hearing would be an exercise in futility.[1] I note, however, that the government has represented that it will elicit this information on direct examination of the complainant. *Id.* at 6. If the government does not adduce facts sufficient to show an independent basis of reliability in its direct examination prior to eliciting an in-court identification, Markus may renew his motion at that time and I may conduct a reliability hearing outside of the presence of the jury. *See Salomon-Mendez*, 992 F. Supp. 2d at 344.

---

[1] Since both of these factual grounds are sufficient to permit an in-court identification, I am not expressing any opinion here as to what facts, if any, about Markus's prior relationship with the complainant are admissible at trial either to complete the narrative or under 404(b).

4

**Conclusion**

For the foregoing reasons, Crumble's motion to suppress identification testimony is granted to the extent of ordering a *Wade* hearing. Markus's motion to suppress identification testimony is denied at this time, without prejudice to renewal at trial under the circumstances described above. I reserve judgment on the other aspects of Markus's motion.

Dated:  April 11, 2018
        Brooklyn, New York

_____/s/_____
Allyne R. Ross
United States District Judge