UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America, <br><br> — against — <br><br> Michael Crumble, Ramell Markus, and Tyrone Burch | **18-cr-32 (ARR)** <br><br> **Opinion** <br><br> **Not for electronic or print publication** |

ROSS, United States District Judge:

By letter dated May 1, 2018, the government responded to my Opinion and Order of the same date in which I made precatory *in limine* rulings concerning the admissibility of other acts evidence against the defendants in this case. This other-acts evidence included evidence of a cell phone fraud scheme and a January 2018 plot to rob a suspected drug dealer, both of which involved defendant Michael Crumble. In its letter, the government provided additional facts and arguments pertaining to these two schemes, in a renewed bid to admit them at trial in its case-in-chief. At a status conference held the next day, counsel for Crumble informed me that he could not rule out that knowledge and intent would be at issue at trial. Following further discussion, I told counsel that my view of the admissibility of the other-acts evidence against Crumble had changed in light of this new information. My thoughts in this regard are summarized below.

In light of the government's letter, I am now inclined to admit the evidence of the cell phone fraud scheme in the sanitized form proposed by the government. At the time of my initial ruling, I was unclear as to the relation of this scheme to the charged crimes. I now understand that it forms the background to two meetings that occurred within weeks of the charged crimes, at which events directly relevant to the charged crimes transpired, giving it substantial probative value. Specifically, at Meeting-1, "Burch and Markus discussed the charged offenses and the fact that Markus had discussed the kidnapping with Individual-1." Letter of AUSA Keith Edelman at

4 (May 1, 2018) ("May 1 Gov't Letter"), ECF No. 71. And, at Meeting-2, "Crumble showed Burch some of the heroin that they had taken from Doe during the charged offenses and Crumble asked Burch to take some to sell." *Id.* Such discussions of the charged offenses and divvying up of drug proceeds is admissible as direct evidence of the charged crimes. Thus, to the extent that the cell phone fraud scheme explains why Burch was meeting with the defendants on these two occasions, I will likely find that evidence of the cell phone fraud scheme is admissible to complete the narrative and to provide relevant background. *See, e.g.*, *United States v. Guang*, 511 F.3d 110, 121 (2d Cir. 2007); *United States v.* Williams, 205 F.3d 23, 33–34 (2d Cir. 2000); *United States v. Pipola*, 83 F.3d 556, 566 (2d Cir. 1996). Indeed, as the government argues, if I did not allow this information to come in on the government's case-in-chief it might lead the jury to speculate about why the conspirators were meeting again mere weeks after the charged crimes. Further, I am satisfied that the government's proposed redactions—eliminating any references to these cell phones being bought by drug users or resold internationally, *see* May 1 Gov't Letter at 5 n.4—largely eliminate any danger of unfair prejudice. I therefore do not anticipate that I will find that the probative value of admitting this evidence is substantially outweighed by unfair prejudice or cumulativeness. *See* Fed. R. Evid. 403,

I am also now inclined to admit evidence of the subsequent robbery plot. I note that, in my opinion of May 1, I found that this evidence was likely not admissible as background material—since it happened after the date of the charged crime—but that I would re-evaluate whether it was admissible as to the issues of knowledge and intent if those were at issue at trial. Op. & Order, ECF No. 67, at 9; *see also United States v. McCallum*, 584 F.3d 471, 475 (2d Cir. 2009) (requiring that 404(b) evidence be relevant to a disputed issue). Although counsel for Crumble declined to give me a definitive answer as to his trial strategy—as is his right—he told

2

me that he could not rule out that knowledge and intent would be in dispute at trial. In light of counsel's representations and the additional information provided by the government, I now anticipate finding that this subsequent robbery plot is highly probative to knowledge and intent and not unduly cumulative. If Crumble's defense is that he did not knowingly and intentionally participate in the charged crimes, it is highly relevant that he purportedly agreed to participate in a similar plan to rob a suspected drug dealer mere weeks after the charged crime. Indeed, this would tend to negate any defense about lack of knowledge or intent. Thus, since "counsel did not make a statement to the court of sufficient clarity to indicate that intent and knowledge would not be disputed, those issues remain[] sufficiently in dispute for the similar acts evidence to be relevant and hence admissible." *McCallum*, 584 F.3d at 475–76.

I do not anticipate excluding this evidence under Rule 403 either. Although counsel is correct that evidence of similar uncharged acts can look like propensity evidence, the Second Circuit has made clear that only sufficiently similar acts are relevant and admissible for the non-propensity purposes of issues of knowledge and intent. *Id.* at 475 (citing *United States v. Garcia*, 291 F.3d 127, 137, 138 (2d Cir. 2002)). Thus, it cannot be the case that evidence of similar uncharged crimes is inadmissible because its only relevance relies on a prohibited propensity inference, as counsel argues. To accept counsel's argument would be to obliterate 404(b)'s provision for evidence probative of knowledge and intent, which permits such evidence to be admitted for a non-propensity purpose. Moreover, I am confident that any danger of the jury taking this evidence for a propensity purpose can be averted by a proper limiting instruction. *See, e.g.*, *United States v. Downing*, 297 F.3d 52, 59 (2d Cir. 2002). I also note that, unlike in *McCallum*, this other-acts evidence will come in the form of testimony from a cooperating witness, not the far more prejudicial form of evidence of past convictions. *Cf. id.* at 476 (noting that prior

convictions are "far more likely to be received as potent evidence of propensity than other prior bad acts routinely offered under Rule 404(b)"). For this reason, far from this 404(b) evidence "bear[ing] the imprimatur of the judicial system and indicia of official reliability," *id.*, the jury may be inclined to dismiss it entirely if they do not find the cooperating witness credible.

**Conclusion**

For the foregoing reasons, I now anticipate that I will most likely allow in the evidence of the cell phone fraud scheme and the subsequent robbery plot in the government's direct case. Nonetheless, at the risk of repeating myself, I remind the parties that this opinion is merely precatory. I may change my opinion based on additional argument or the events of trial.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:     May 4, 2018
           Brooklyn, New York