UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 18-CR-32(1) (ARR) |
| -against- | NOT FOR ELECTRONIC OR PRINT PUBLICATION |
| MICHAEL CRUMBLE, | |
| *Defendant*. | **OPINION & ORDER** |

ROSS, United States District Judge:

Defendant, Michael Crumble, has filed a successive motion for compassionate release under 18 U.S.C. § 3582(c). Approximately 18 months prior to the filing of the instant motion, I denied Mr. Crumble's first motion for compassionate release after finding that the 18 U.S.C. § 3553(a) factors outweighed the extraordinary and compelling reasons supporting his release. Op. & Order, ECF No. 205. In his successive motion, filed *pro se*, Mr. Crumble asserts that the factual and legal landscape has changed since the denial of his previous motion. Def.'s Successive Mot. Compassionate Release 1 ("Def.'s Mot."), ECF No. 211. On August 18, 2022, in response to a motion to appoint counsel, ECF No. 212, I appointed Mr. Crumble's trial attorney to represent him in the instant motion. The government failed to respond to Mr. Crumble's motion, so I have before me only Mr. Crumble's *pro se* motion, his motion to appoint counsel, which includes exhibits cited in his motion, an affidavit dated August 24, 2022, describing Mr. Crumble's medical issues and conditions of confinement, ECF No. 214, and a letter dated October 11, 2022, requesting assistance in obtaining proper medical care and securing a transfer to a different prison facility, ECF No. 216. Because I conclude that the § 3553(a) factors continue to weigh against Mr. Crumble's release, I deny the instant motion.

## BACKGROUND

The facts underlying Mr. Crumble's successive motion are largely covered by my opinion denying Mr. Crumble's first motion, familiarity with which is assumed. The following facts describe only essential background and developments since the denial of the first motion. On May 14, 2018, Mr. Crumble was convicted by a jury of kidnapping conspiracy, in violation of 18 U.S.C. § 1201(c), kidnapping, in violation of 18 U.S.C. § 1201(a)(1), and committing violence in furtherance of an extortion plan, in violation of 18 U.S.C. § 1951(a). Verdict Sheet, ECF No. 106; J. Crim. Case 1, ECF No. 170. These convictions stemmed from the December 2017 kidnapping and robbery of a heroin trafficker, which Mr. Crumble planned and executed. Pre-Sentence Report ¶¶ 9–22 ("PSR"), ECF No. 129 (filed under seal). His co-conspirators brutally harmed the victim by pistol-whipping him, smashing a glass in his face, and burning his arms with iron, but Mr. Crumble did not inflict any violence himself. *Id.* Mr. Crumble has a previous state robbery conviction and two parole violations connected to it. PSR ¶ 72.

After trial, I sentenced Mr. Crumble to 108 months' imprisonment and 5 years' supervised release, far below the Sentencing Guidelines range of 262 to 327 months' imprisonment. J. Crim. Case 2–3; Sentencing Tr. 2, ECF No. 171-1 (filed under seal); Gov't's Sentencing Mem. 4, ECF No. 156. Mr. Crumble had not wanted to proceed to trial and would have accepted the government's plea offer of 120 months' imprisonment. Op. & Order 2. However, the plea offer was contingent on his co-defendant also accepting, and his co-defendant refused. *Id.* I took Mr. Crumble's willingness to plead guilty into account at sentencing, as well as his family ties to his fiancée and children and his sincere remorse. *Id.*

After his arrest on February 6, 2018, Mr. Crumble spent eighteen months at the Metropolitan Detention Center ("MDC") in Brooklyn before being transferred, following

sentencing, to Federal Correctional Institute ("FCI") Schuylkill in Pennsylvania. Op. & Order 2. FCI Schuylkill has experienced dangerous COVID-19 outbreaks. Approximately two years ago, it reported 206 active cases among less than 900 prisoners. Op. & Order 3. As of December 5, 2022, FCI Schuylkill reports three confirmed active cases among staff members and zero confirmed active cases among inmates. *See COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus/ (last visited Dec. 5, 2022). The facility is currently operating at "Level 2" of three modified operational levels due to COVID-19. *See FCI Schuylkill*, BOP, https://www.bop.gov/locations/institutions/sch/ (last visited Dec. 5, 2022).

Mr. Crumble suffers from certain conditions that make him more vulnerable to serious complications from COVID-19, namely: chronic kidney disease stage 1, asthma, and hypertension. Op. & Order 3. Since denial of his first motion, Mr. Crumble caught COVID-19 a second time, and has experienced possible long COVID symptoms, severe breathing issues, and severe chest pains. Def.'s Mot. 2–3.

***Procedural History***

Mr. Crumble filed his first motion for compassionate release on December 30, 2020, after exhausting his administrative remedies. Op. & Order 4. On January 25, 2021, I denied his motion. *Id.* at 1. In my opinion and order, I found that Mr. Crumble had shown extraordinary and compelling reasons supporting release, namely: his medical conditions that increased his risk of severe complications from COVID-19, the ongoing outbreak of the virus at FCI Schuylkill, his rehabilitation efforts, and his reentry plan. However, I found that the § 3553(a) factors outweighed the reasons supporting release, and therefore denied the motion. *Id.* at 6–9.

On August 9, 2022, Mr. Crumble, proceeding *pro se*, filed a successive motion for compassionate release, and I set a briefing schedule for the government's response and Mr.

Crumble's reply. Dkt. Order (Aug. 15, 2022). A few days after filing his motion, Mr. Crumble filed a motion to appoint counsel. Mot. to Appoint Counsel, ECF No. 212. Mr. Crumble's trial counsel, Kannan Sundaram, agreed to represent Mr. Crumble, and I appointed him to represent Mr. Crumble for the remainder of the briefing. In the meantime, Mr. Crumble submitted an affidavit regarding his health issues due to COVID-19 outbreaks and conditions at Schuylkill, ECF No. 214, and filed a letter dated October 11, 2022, requesting assistance in getting proper medical care and transfer to a different correctional facility, ECF No. 216.

The government failed to respond to Mr. Crumble's motion by the deadline of August 29, 2022. Instead, on November 23, 2022, the government filed a motion for extension of time, explaining that it "only recently learned of the motion." Mot. for Ext. of Time, ECF No. 218. As explained below, the government's motion is denied. As a result, in deciding this motion I have considered only Mr. Crumble's *pro se* motion, the exhibits attached to his motion to appoint counsel, which are cited in his motion, his affidavit, and his letter.

## LEGAL STANDARD

The First Step Act allows criminal defendants to move for "[m]odification of an imposed term of imprisonment" before a federal sentencing court. 18 U.S.C. § 3582(c). To qualify for such relief, defendants must show: (1) that they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [their] behalf," or that thirty days have lapsed "from the receipt of such a request by the warden of [their] facility, whichever is earlier"; (2) that "extraordinary and compelling reasons warrant" a reduction in the term of imprisonment; (3) that these reasons outweigh "the factors set forth in section 3553(a) to the extent that they are applicable"; and (4) that a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A); *see United States v. Cato*, No. 16-

CR-326 (ARR), 2020 WL 5709177, at *3 (E.D.N.Y. Sept. 24, 2020) (noting a defendant bears the burden of proof).

Even if extraordinary and compelling reasons exist, they must outweigh the 18 U.S.C. § 3553(a) factors to warrant sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). These factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and sentencing range [provided for in the U.S.S.G.] . . . .
>
> (5) any pertinent [Sentencing Commission] policy statement . . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

*Id.* § 3553(a).

A sentence reduction is consistent with the Sentencing Commission's policy statements if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). The § 3142(g) factors are largely duplicative of those in § 3553(a), but they also include "whether the offense is a crime of violence" and "the weight of the evidence against the [defendant]." 18 U.S.C. § 3142(g)(1)–(4).

5

# DISCUSSION

## I. The Government Has Waived its Response and Forfeited its Opportunity to Assert the Exhaustion Requirement.

Though the government had ample notice of its August 29, 2022 deadline to file a response to Mr. Crumble's notice, it failed to respond or timely move for an extension of the deadline. Instead, on November 23, 2022, the government filed a belated motion requesting until December 19, 2022, to respond. Mot. for Ext. of Time. 1. The government explains that it "only recently learned of the motion," but its letter does not explain why or how that is the case. *Id.* Given the lack of explanation, and the fact that no fewer than three government attorneys had made appearances on the docket as of the date of Mr. Crumble's successive motion, I can only assume that inadvertence or negligence led to the oversight. I will not excuse such a lengthy and unexplained delay when considering an opposed motion for extension of time. The government's motion is denied.

Because the government failed to respond to Mr. Crumble's motion, I find that it has forfeited its opportunity to assert the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A). The § 3582(c)(1)(A) exhaustion requirement permits a motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or a lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). Though Mr. Crumble successfully exhausted his administrative remedies prior to filing his first motion for compassionate release, Op. & Order 7 n.1, he does not appear to have done the same prior to filing the present successive motion.

The Second Circuit has held that this exhaustion requirement "is not a jurisdictional limitation on a court's power to consider an inmate's motion for compassionate release." *United*

6

*States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021). Rather, the "exhaustion requirement is a claim-processing rule that may be waived or forfeited by the government." *Id.* Because the government did not timely object to Mr. Crumble's failure to exhaust his administrative remedies, I find that it has forfeited the opportunity to assert the exhaustion requirement for the purpose of the present motion.[1] I therefore consider Mr. Crumble's motion on its merits.

## II. The Section 3553(a) Factors Continue to Outweigh the Reasons for Mr. Crumble's Release.

Though the extent and severity of COVID-19 outbreaks at FCI Schuylkill seems to have improved in the twenty-two months since I denied Mr. Crumble's first motion, Mr. Crumble explains that FCI Schuylkill continues to be regularly locked down and that he has received inadequate medical care while in BOP custody. Def.'s Mot. 4–6. As I did in my prior opinion, I recognize that Mr. Crumble's time in BOP custody has been particularly difficult. Op. & Order 9. However, even if Mr. Crumble presents the same extraordinary and compelling reasons for release as in his first motion,[2] Mr. Crumble has failed to demonstrate that the § 3553(a) factors do not continue to outweigh any extraordinary and compelling reasons supporting his release.

In my prior opinion, I weighed the factors as follows. First, though Mr. Crumble did not inflict any violence during the commission of his offense, I noted that the circumstances of Mr.

---

[1] "The terms waiver and forfeiture—though often used interchangeably by jurists and litigants—are not synonymous. Forfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment or abandonment of a known right." *Hamer v. Neighborhood Hous. Servs.*, 138 S. Ct. 13, 17 n.1 (2017) (quotation, citation, and alterations omitted).

[2] Though the impact of COVID-19 may be waning at FCI Schuylkill, I assume without deciding that Mr. Crumble continues to present extraordinary and compelling reasons for release. *See United States v. Keitt*, 21 F.4th 67, 69 (2d Cir. 2021) ("[W]hen a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not also determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction.").

7

Crumble's offense were heinous and considered that Mr. Crumble had a previous state robbery conviction and two parole violations. Op. & Order 9. Second, I explained that the lowest end of Mr. Crumble's guidelines range was 262 months, more than twice his original sentence and, at the time, more than four times the length of his incarceration. *Id.* Third, I found that reducing Mr. Crumble's sentence by more than half would result in an unwarranted sentence disparity between Mr. Crumble and one of his co-defendants, Ramell Marcus, who is serving an 180-month sentence. *Id.* at 9–10. Finally, though I acknowledged that Mr. Crumble would likely obtain better educational and vocational training and medical care outside of BOP custody, I explained that a sentence of time served (at that point, Mr. Crumble had served less than three years) would not reflect the seriousness of Mr. Crumble's offense. *Id.* at 10. I also explained that Mr. Crumble's 108-month sentence—a steep downward departure from the guidelines—already incorporated considerations of Mr. Crumble's family circumstances, sincere remorse, acceptance of responsibility, and rehabilitation efforts. *Id.*

      Mr. Crumble disagrees with my weighing of the § 3553(a) factors in my prior opinion; he explains that he has now served a higher percentage of his 108-month sentence and the sentencing disparity between him and his co-defendant, Mr. Marcus, is warranted due to Mr. Crumble's post-sentence rehabilitation and medical conditions. Defs.' Mot. 9–11. I recognize that Mr. Crumble has now served an additional twenty-two months of his sentence, suffers from medical issues for which the BOP likely does not provide adequate care, and has a laudable record of rehabilitation activities, strong family ties, and a comprehensive reentry plan. However, nothing in Mr. Crumble's successive motion changes my calculus as to the § 3553(a) factors. Simply put, Mr. Crumble participated in a grievous offense and nevertheless received a sentence of less than half the low end of the sentencing guidelines range, a sentence that incorporated my consideration of

his demonstrated strides toward rehabilitation. Mr. Crumble has now served nearly 58 months of that sentence, and, as before, I find that a sentence of time served would not reflect the seriousness of Mr. Crumble's offense nor provide just punishment. I do not underestimate the seriousness of Mr. Crumble's health conditions nor the anguish he has experienced during his incarceration. But I cannot justify reducing his already generous sentence by nearly half. As for Mr. Crumble's letter dated October 11, 2022, requesting assistance in obtaining proper medical care and securing a transfer to a different prison, I find that the letter fails to articulate a cognizable legal claim upon which I can grant relief.

## CONCLUSION

For the foregoing reasons, Mr. Crumble's successive motion for compassionate release is denied.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:        December 5, 2022
              Brooklyn, New York