UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -against-

MICHAEL CRUMBLE,

        *Defendant*.

18-CR-32(1) (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

Defendant, Michael Crumble, has filed a *pro se* motion for reconsideration of my decision denying his successive motion for compassionate release under 18 U.S.C. § 3582(c). In that decision, I concluded that the 18 U.S.C. § 3553(a) factors continued to weigh against Mr. Crumble's release. For the following reasons, Mr. Crumble's reconsideration motion is denied.

## BACKGROUND

The facts underlying Mr. Crumble's reconsideration motion are largely covered by my opinions denying Mr. Crumble's motions for compassionate release, familiarity with which is assumed. The following facts describe only essential background for the purpose of the present motion. On May 14, 2018, Mr. Crumble was convicted by a jury of kidnapping conspiracy, in violation of 18 U.S.C. § 1201(c), kidnapping, in violation of 18 U.S.C. § 1201(a)(1), and committing violence in furtherance of an extortion plan, in violation of 18 U.S.C. § 1951(a). Verdict Sheet, ECF No. 106; J. Crim. Case 1, ECF No. 170. These convictions stemmed from the December 2017 kidnapping and robbery of a heroin trafficker, which Mr. Crumble planned and executed. Pre-Sentence Report ¶¶ 9–22 ("PSR"), ECF No. 129 (filed under seal). His co-conspirators brutally harmed the victim by pistol-whipping him, smashing a glass in his face, and

burning his arms with iron, but Mr. Crumble did not inflict any violence himself. *Id.* Mr. Crumble has a previous state robbery conviction and two parole violations connected to it. *Id.* ¶ 72.

After trial, I sentenced Mr. Crumble to 108 months' imprisonment and 5 years' supervised release, far below the Sentencing Guidelines range of 262 to 327 months' imprisonment. J. Crim. Case 2–3; Sentencing Tr. 2, ECF No. 171-1 (filed under seal); Gov't's Sentencing Mem. 4, ECF No. 156. Mr. Crumble had not wanted to proceed to trial and would have accepted the government's plea offer of 120 months' imprisonment. Op. & Order 2, ECF No. 205. However, the plea offer was contingent on his co-defendant also accepting, and his co-defendant refused. *Id.* I took Mr. Crumble's willingness to plead guilty into account at sentencing, as well as his family ties to his fiancée and children and his sincere remorse. *Id.*

***Procedural History***

Mr. Crumble filed his first motion for compassionate release on December 30, 2020, after exhausting his administrative remedies. *Id.* at 4. On January 25, 2021, I denied his motion. *Id.* at 1. In my opinion and order, I found that Mr. Crumble had shown extraordinary and compelling reasons supporting release, namely: his medical conditions that increased his risk of severe complications from COVID-19, the ongoing outbreak of the virus at FCI Schuylkill, his rehabilitation efforts, and his reentry plan. However, I found that the § 3553(a) factors outweighed the reasons supporting release, and therefore denied the motion. *Id.* at 6–9.

On August 9, 2022, Mr. Crumble, proceeding *pro se*, filed a successive motion for compassionate release. Successive Op. & Order 3, ECF No. 219. On December 5, 2022, I denied his motion, for largely the same reasons as before—I found that the § 3553(a) factors outweighed any reasons supporting release. *Id.* at 8–9. On April 3, 2023, I received a *pro se* motion to

reconsider my decision denying Mr. Crumble's successive motion for compassionate release. Mot. for Reconsideration, ECF No. 221.

## LEGAL STANDARD

Although the Federal Rules of Criminal Procedure do not specifically provide for reconsideration motions in criminal cases, such motions "have traditionally been allowed within the Second Circuit." *United States v. Yannotti*, 457 F. Supp. 2d 385, 388 (S.D.N.Y. 2006).[1] When considering such motions, district courts "have applied the applicable civil standard." *United States v. Brown*, 511 F. Supp. 3d 431, 434 (W.D.N.Y. 2021) (quotation omitted). "The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)

## DISCUSSION

Mr. Crumble advances two principal arguments in support of his motion for reconsideration. Neither argument satisfies the standard for reconsideration.

First, Mr. Crumble argues that his conviction for committing violence in furtherance of an extortion plan cannot support a career offender sentencing enhancement because Hobbs Act extortion is not a "crime of violence" as that term is defined in the United States Sentencing Commission Guidelines Manual ("U.S.S.G.") § 4B1.2(a). Mot. for Reconsideration 5–7. Though

---

[1] Local Criminal Rule 49.1(d) states that a motion for reconsideration shall be filed and served within 14 days of the court's determination of the original motion. Mr. Crumble is proceeding *pro se* and apparently was transferred to a new facility shortly after receiving my decision on his successive motion. *See* Letter Requesting Extension to Suppl. Br., ECF No. 220. I therefore waive the reconsideration deadline in this case. *See Bowles v. Russell*, 551 U.S. 205, 211–12 (2007) (noting that the "jurisdictional distinction between court-promulgated rules and limits enacted by Congress" allows the former to be waived).

3

Mr. Crumble's argument finds support in case law, *see United States v. Chappelle*, 41 F.4th 102, 110–12 (2d Cir. 2022), the argument is inapplicable in this case. Simply put, I did not apply, or even consider, the career offender provision of U.S.S.G. § 4B1.2(a) when sentencing Mr. Crumble. *See* PSR ¶¶ 44–70; Statement of Reasons, ECF No. 171 (filed under seal). Indeed, as I have previously explained, I sentenced Mr. Crumble to less than half the low end of the sentencing guidelines range. Successive Op. & Order 8.

Second, Mr. Crumble argues that extraordinary and compelling reasons, including his medical conditions, the threat of COVID-19, and inadequate legal representation, warrant a sentence reduction. Mot. for Reconsideration 7–8. None of these purported extraordinary and compelling reasons justify reconsideration. In my decision on Mr. Crumble's first motion, I found that extraordinary and compelling reasons supported release; in my decision on the successive motion, I assumed that those reasons continued to support release. Op. & Order 8; Successive Op. & Order 7 n.2. In both cases, I denied the motion not because of the lack of extraordinary and compelling reasons, but rather because those reasons did not outweigh the § 3553(a) factors. Op. & Order 9; Successive Op. & Order 7. As a result, Mr. Crumble's argument regarding additional extraordinary and compelling reasons provides no ground for reconsideration of my decision denying his successive motion for compassionate release.

## CONCLUSION

For the foregoing reasons, Mr. Crumble's motion for reconsideration is denied.

SO ORDERED.

                                                      /s/
                                      Allyne R. Ross
                                      United States District Judge

Dated:       May 3, 2023
               Brooklyn, New York